# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEVELIN DION LAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 21-298-RAW |
| ) | |
| **MITCH McCONNELL** ) | |
| **and CHARLES SCHUMER,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff is a pro se state prisoner who is incarcerated at John Lilley Correctional Center in Boley, Oklahoma.[1] He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged violations of his constitutional rights. The defendants are United States Senators Mitch McConnell and Charles Schumer.[2]

Plaintiff alleges the defendants voted to terminate his life in retaliation for his whistleblowing activities. He claims Preston Farmer, who is not otherwise identified in the complaint, carried out the act by giving Plaintiff an overdose. Plaintiff further asserts he was "escorted thru Walmart in Tulsa County by Farmer and a female accomplice [and] [t]here is video footage." Plaintiff's heart allegedly stopped on or around August 2018 while he was in Tulsa, and the Tulsa Police and emergency services were called. (Dkt. 1 at 2).

Plaintiff also claims he sought whistleblower protection twice, and President Donald Trump stated he had to do so again. Plaintiff, however, did not know how to file a third time. Plaintiff seeks relief in the form of his freedom, monetary compensation, and the defendants'

---

[1] According to the Oklahoma Department of Corrections website, Plaintiff is serving a 15-year sentence for Indecent Exposure After Former Conviction of Two or More Felonies in Stephens County District Court Case No. CF-2020-116. *See* https://okoffender.doc.ok.gov.

[2] Senator McConnell represents the State of Kentucky, and Senator Schumer represents the State of New York. *See* https://www.mcconnell.senate.gov and https://www.schumer.senate.gov.

attending church with him.  *Id.* at 5.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *Id*. at 555-56.  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed.  *Id*. at 558.  The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim.  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve

the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Color of State Law**

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Although Plaintiff has used a form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, he has made no assertions that the defendants acted under color of state law, "a jurisdictional requisite for a § 1983 action." *Polk County. v. Dodson*, 454 U.S. 312, 315 (1981). Thus, the Court lacks subject-matter jurisdiction, and this action must be dismissed. In addition, the Court notes the following other defects in Plaintiff's complaint.

**Venue**

The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1-2).  Plaintiff alleges Senator McConnell is a citizen of Kentucky, and although Senator Schumer represents New York, he allegedly is a citizen of Washington, D.C. (Dkt. 1 at 1-2).  Plaintiff further claims that at least part of the events occurred in Tulsa County, Oklahoma.  *Id*. at 2.  Therefore, venue is not proper in the Eastern District of Oklahoma.

**Statute of Limitations**

The statute of limitations for a civil rights cause of action in Oklahoma is two years.  *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).  Plaintiff alleges that at least some of the alleged incidents occurred in August 2018, more than two years before this lawsuit was commenced on October 4, 2021 (Dkt. 1 at 1, 2).  Therefore, those claims would be barred by the statute of limitations.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

**IT IS SO ORDERED** this 2nd day of November 2021.

_____
Honorable Ronald A. White
United States District Judge
Eastern District of Oklahoma